

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00382-CV

———————————————

ROBBIN SKAGGS, INDIVIDUALLY, AND AS THE REPRESENTATIVE ON
BEHALF OF THE ESTATE OF SAMANTHA SKAGGS, AND WALTER SKAGGS,
SR., Appellants

V.

4907 CORPORATION, Appellee

On Appeal from the 67th District Court
Tarrant County, Texas
Trial Court No. 067-354963-24

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

After being overserved beyond the point of obvious intoxication at a bar in Arlington, Samantha Skaggs was killed when she crashed the car she was driving into a jackknifed 18-wheeler that had collided with another drunk driver and blocked the roadway. Appellants Robbin Skaggs (individually and as representative of the Estate of Samantha Skaggs) and Walter Skaggs Sr. sued Appellee 4907 Corporation (the Corporation) and several other defendants for damages under various theories of liability, including the Texas Dram Shop Act.[1] *See* Tex. Alco. Bev. Code Ann. § 2.02.

Shortly after being served with the lawsuit, the Corporation filed a Rule 91a motion asking the trial court to dismiss "certain" causes of action,[2] but in its motion the Corporation expressly declined to challenge any cause of action based on Dram Shop Act liability. *See* Tex. R. Civ. P. 91a.2. The trial court granted the motion and dismissed Appellants' claims against the Corporation in their entirety. We affirm the trial court's dismissal of the challenged causes of action for punitive damages, but because the trial court also dismissed Appellants' causes of action based on Dram

---

[1]Samantha Skaggs's siblings were originally also named as plaintiffs in the lawsuit, but their causes of action were later nonsuited and are not relevant to this appeal.

[2]In their brief, Appellants contend that the Corporation's motion to dismiss was filed late—61 days after being served with the lawsuit. *See* Tex. R. Civ. P. 91a.3(a) (establishing deadline for filing motion to dismiss as "within 60 days after the first pleading containing the challenged cause of action is served"). But Appellants neither raised this objection with the trial court nor do they list this as an issue presented on appeal, so we do not address this contention.

Shop Act liability—which were excluded from the Corporation's Rule 91a motion—we reverse that portion of the dismissal order and remand for further proceedings.

## I. Analysis

Appellants raise two issues on appeal:

1.      Whether the trial court erred in granting [the Corporation's] Motion to Dismiss and in granting judgment in favor of [the Corporation] on all issues?

2.      Whether the trial court erred in granting [the Corporation's] Motion for an award of Attorney's Fees?

Additionally, in addressing the first issue in their brief, Appellants identify six subissues—four of which complain about the trial court's dismissal of Appellants' alter ego, joint enterprise, vicarious liability, and respondeat superior so-called "actions," and two of which complain about the trial court's dismissal of Appellants' claims for punitive damages.

Whether couched in terms of alter ego, joint enterprise, vicarious liability, or respondeat superior, Appellants' overarching complaint on appeal is of the trial court's dismissal of the Dram Shop Act causes of action. We will address that issue first, and then we will discuss the six subissues before finally addressing Appellants' second issue related to attorney fees.

## A.    Dram Shop Act Liability

As this court has explained in *Fiamma Statler, LP v. Challis*, Rule 91a is a unique procedural device that is effective in identifying groundless causes of action early in

3

litigation. No. 02-18-00374-CV, 2020 WL 6334470, at *7 (Tex. App.—Fort Worth Oct. 29, 2020, pet. denied) (mem. op.). But to avail themselves of an early dismissal under this procedural device, movants must adhere to the Rule's procedural requirements. *Id.* One such requirement is that the motion must identify the cause or causes of action to which it is addressed. *Id.*; *see* Tex. R. Civ. P. 91a.2.

Here, in its motion the Corporation identified several causes of action it sought to address, but liability under the Dram Shop Act was not included among them. The Dram Shop Act claims were not only omitted from the list, but they were also expressly excluded as causes of action addressed by the motion. The motion either implicitly or explicitly excluded the Dram Shop Act claims in three ways.

First, the Corporation began its motion not by seeking dismissal of all of Appellants' causes of action but by seeking dismissal only of "certain claims" brought against it. The phrase "certain claims," as opposed to all claims, was repeated in the motion. In other places in the motion, the action based on the Dram Shop Act was juxtaposed against "<u>all other claims</u>" and "the challenged causes of action," thus evidencing an intent not to include all of Appellants' causes of action within the scope of the motion.

Second, in listing the causes of action addressed by the motion, the Corporation expressly carved out Dram Shop Act liability by requesting dismissal of "common law negligence, gross negligence, or negligence per se, or any claims other

4

than Dram Shop liability" and stating that "[o]ther than a claim under the Texas Dram Shop Act, . . . <u>none</u> of the Plaintiffs' claims survive against . . . [the Corporation]."

Finally, the Corporation affirmatively asserted in its motion that a cause of action based on Dram Shop Act liability was the "proper" cause of action against it, stating that

- "Plaintiffs' only proper cause of action against [the Corporation] . . . is for actual damages only, under the Texas Dram Shop Act."

- "[T]he only claims Plaintiffs may legitimately pursue against [the Corporation], should they seek to hold it liable on the same grounds and to the same degree as the [other] Defendants, are claims for actual damages under the wrongful death act brought by Samantha Skaggs'[s] parents, Robbin Skaggs and Walter Skaggs, Sr., and a claim for actual damages brought under the Texas Survival Statute by the [E]state of Samantha Skaggs."

- "The Texas Dram Shop Act provides Plaintiffs with their one and only, exclusive remedy against the [other] Defendants and therefore against [the Corporation]."

- "Plaintiffs' exclusive claims against [the Corporation], to the extent Plaintiffs intend to hold it liable for such claims as against the [other] Defendants, are for actual damage arising under the Texas Dram Shop Act."

Yet, by dismissing "all claims against [the Corporation] . . . in their entirety," the trial court dismissed Appellants' Dram Shop Act causes of action against the Corporation. Because the Corporation's motion to dismiss both implicitly and explicitly excluded the Dram Shop Act violation claims, the trial court erred by dismissing these claims against the Corporation. To the extent that the trial court's order dismissed Appellants' causes of action based on Dram Shop Act liability, we

5

sustain that portion of Appellants' first issue and reverse and remand the Dram Shop Act causes of action.

**B.      Subissues Related to Alter Ego, Joint Enterprise, Vicarious Liability, and Respondeat Superior Theories of Recovery**

In subissues one, two, three and six, Appellants complain that the trial court improperly dismissed their claims for alter ego, joint enterprise, vicarious liability, and respondeat superior.  Although Appellants couch these four theories in terms of "claims," none of them are independent causes of action; they are merely theories under which a party may be held responsible for the wrongful conduct of another party.  *See Harris Cnty. v. Deary*, 695 S.W.3d 566, 571 n.1, 579 (Tex. App.—Houston [1st Dist.] 2024, no pet.) (noting that "[r]espondeat superior is not a distinct cause of action but rather a theory for holding an employer liable for the negligent acts of its employee"); *Dodd v. Savino*, 426 S.W.3d 275, 291 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ("Alter ego, or piercing the corporate veil, is not an independent cause of action, but is instead a means of imposing liability for an underlying cause of action."); *Wilson v. Davis*, 305 S.W.3d 57, 68 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (explaining that alter ego or piercing the corporate veil "is not a cause of action[] but is instead a means of imposing liability for an underlying cause of action"); *see also G&H Towing Co. v. Magee*, 347 S.W.3d 293, 296–98 (Tex. 2011) (per curiam) (describing vicarious liability as a "claim," yet holding that granting summary

judgment on a vicarious liability "claim" was harmless given that the summary judgment was proper as to the underlying tort).

Rule 91a addresses and authorizes dismissal only of "cause[s] of action," not theories of liability. Tex. R. Civ. P. 91a.1 (providing that a party may seek dismissal of a "cause of action"), 91a.2 (requiring that a motion to dismiss identify each "cause of action" it purports to address), 91a.3 (establishing a 60-day deadline for filing a motion to dismiss from the date the challenged "cause of action" was served), 91a.5(a) (prohibiting ruling on a dismissal motion if challenged "cause of action" is timely nonsuited), (b) (allowing withdrawal of a motion to dismiss if the challenged "cause of action" has been amended or, alternatively, amendment of a dismissal motion directed at the amended "cause of action" ), (c) (requiring a ruling on a dismissal motion unless the "cause of action" has been properly nonsuited), 91a.6 (limiting the trial court's consideration of the dismissal motion to the pleading of the "cause of action" and permissible exhibits), 91a.7 (providing for an award of costs and attorney fees incurred relating to the challenged "cause of action"). Because (1) none of these four theories of liability—alter ego, joint enterprise, respondeat superior, and vicarious liability—are standalone causes of action, but are instead asserted by Appellants merely as a basis to hold the Corporation liable under the Dram Shop Act claim;[3]

---

[3]At the dismissal hearing, Appellants appeared to understand that these theories are not separate causes of action, explaining to the trial court that, with regard to "[t]he vicarious liability issue, the respondeat superior, the things like that," Appellants

7

(2) the trial court's order was authorized and purported to dismiss only causes of action, not theories of liability; and (3) we have remanded the Dram Shop Act causes of action, we overrule these four subissues.

As the trial court noted at the dismissal hearing, these theories "might come up at a later point," when it considers the Dram Shop Act causes of action to which the theories may apply. In other words, at this juncture and to the extent that any of these four theories of liability could be properly asserted and proved so as to impose liability upon the Corporation with regard to Dram Shop Act violations, they remain available to Appellants.[4]

## C.     Punitive Damages Claims

Finally, we address subissues four and five related to the trial court's dismissal of Appellants' claims for punitive damages.

Rule 91a allows, upon proper motion, a trial court to dismiss causes of action that have no basis in law or fact. Tex. R. Civ. P. 91a.1. Under Rule 91a, a cause of action has no basis in law if it is barred by an established legal rule and the plaintiff has failed to plead facts demonstrating that the rule does not apply. *In re First Rsrv.*

---

"[were] not using the allegations of vicarious liability as an independent means for liability or for recovery," but were "using it as the means to pierce a corporate veil."

[4]Notwithstanding whether vicarious liability in particular has any place in Dram Shop Act actions and therefore has any basis in law, as the Corporation has argued and briefed, it is not a "cause of action" subject to dismissal under Rule 91a. Given our holding, we need not address the Corporation's specific contentions related to vicarious liability here. *See* Tex. R. App. P. 47.1.

*Mgmt., L.P.*, 671 S.W.3d 653, 661 (Tex. 2023) (orig. proceeding).  We review de novo a trial court's dismissal under Rule 91a.  *Tex. Dep't of Ins. v. Stonewater Roofing Co.*, 696 S.W.3d 646, 653 (Tex. 2024).

Here, Appellants sought recovery of punitive damages stemming from their wrongful death and survival actions based on alleged Dram Shop Act violations.  Yet, both at trial and on appeal, Appellants concede that more than 20 years ago, this court held that punitive damages are not recoverable for a violation of the Dram Shop Act.  *Steak & Ale of Tex., Inc. v. Borneman*, 62 S.W.3d 898, 910–11 (Tex. App.—Fort Worth 2001, no pet.).  And Appellants have pleaded no facts—nor do they argue that they have done so—demonstrating why this rule should not apply here.  Instead, Appellants argue that because the Texas Supreme Court has not ruled on this issue, the holding in *Steak & Ale* is not an established legal rule.

While Appellants are correct that the Texas Supreme Court has not yet weighed in on this matter, until it does, the holding in *Steak & Ale* remains an established legal rule for the Second District of Texas.  Because the trial court did not err by recognizing controlling precedent and dismissing Appellants' claims for punitive damages, we overrule subissues four and five.  We affirm the trial court's dismissal of Appellants' claims for punitive damages.

## D.    Attorney Fees

Rule 91a.7 provides that a trial court may award "costs and reasonable and necessary attorney fees" to the prevailing party, and the trial court did so here.  Tex.

R. Civ. P. 91a.7. But Rule 91a.7 requires that the amounts awarded be based upon costs and fees "incurred with respect to the challenged cause of action." *Id.* Given that we have reversed and remanded to the trial court the Dram Shop Act causes of action, we likewise remand for further consideration the issue of whether costs and attorney fees should be awarded to the Corporation and, if so, in what amount.

## II. Conclusion

For the reasons stated above, we affirm the trial court's order dismissing the punitive damages claims, and we reverse and remand to the trial court the Dram Shop Act causes of action and the award of costs and reasonable attorney fees, if any, to the Corporation.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: June 5, 2025